UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>TERRY LYGHTS,<br><br>                    Defendant. | NO. CR-05-0166-LRS-1<br><br>**ORDER DENYING MOTION FOR<br>MODIFICATION OF SENTENCE** |

On November 7, 2011, Defendant Terry Lyghts filed, *pro se*, a "Motion For A Modification of An Imposed Term of Imprisonment Pursuant to 18 U.S.C. §3582(C)(2)," ECF No. 109, which motion was not noted for hearing under the applicable Local Rule. On December 30, 2011, the court entered an order directing the government to serve any response to the instant motion. The government timely filed a response on January 9, 2012. ECF No. 112.

## BACKGROUND

On November 8, 2005, Defendant Lyghts pled guilty to Counts 1 and 2 of the Indictment, charging him with Conspiracy to Distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and Distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The parties entered into a plea agreement wherein the

ORDER ~ 1

Defendant agreed to cooperate with the United States in order to mitigate his sentence pursuant to U.S.S.G. § 5K1.1, the substantial assistance provision.  Mr. Lyghts also agreed and stipulated that he was a career offender, pursuant to U.S.S.G. § 4B1.

Mr. Lyghts was sentenced by this Court on March 23, 2006. At sentencing, this Court also found, as did the Pre-sentence Report (PSR), Mr. Lyghts to be a career offender under U.S.S.G. §4B1.1.  See Sealed Attachment B (ECF No. 114-1).  As a result, Defendant's offense level was calculated pursuant to the career offender provision, not the amount of crack cocaine involved in the case. This Court concluded, as did the PSR and the Defendant, that the Defendant's adjusted offense level was 34, criminal history category VI, resulting in a guideline range of 262-327 months.  Defendant complied with his substantial assistance agreement, and as a result, the United States motioned for a downward departure from 262 months, to 180 months.  This Court granted the motion for downward departure and sentenced the Defendant to 180 months.  Defendant now moves the Court for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c).

### DISCUSSION

Defendant seeks modification of his sentence pursuant to two Amendments of the Sentencing Guidelines, Amendments 750 and 706, which are Amendments enacted in response to the Fair Sentencing Act ("FSA"). The government argues that Defendant is not eligible for sentencing modification for two main reasons.  First, Defendant was sentenced

ORDER ~ 2

years before the enactment of the Fair Sentencing Act,[1] therefore the Fair Sentencing Act and Amendment 750, do not apply to Defendant because he was sentenced four years prior to their enactment.

Second, Defendant was sentenced based upon application of career offender, not the crack cocaine guidelines, therefore, Amendment 706 and Section 3582(c)(2), also do not apply to Defendant's sentence. The government argues that courts routinely find that career offenders are excluded from the benefits of the crack amendment and its retroactive application.

**ANALYSIS**

Mr. Lyghts asks the Court to reduce his 180 month sentence based on the fact that the Commission has subsequently reduced the sentencing guidelines applicable to crack cocaine offenses, and has also made that reduction retroactively applicable to cases where the original sentence was based on the guidelines that have now been reduced. Mr. Lyghts argues that his original sentence was based on the sentencing range applicable to his crack cocaine offense, which has now been reduced.

In opposition, the government argues that the sentencing court actually based Lyghts' sentence on the guideline range applicable to career criminals, rather than the guidelines applicable to crack cocaine offenses and based on a downward departure for substantial assistance. The issue in this case, therefore, is whether Lyghts' sentence was in fact based on the guideline range applicable to his crack cocaine

---

[1]The Fair Sentencing Act was enacted on August 3, 2010.

ORDER ~ 3

offense, which the Commission has subsequently reduced, or was based on the guideline range applicable to career criminals, which the Commission has not reduced.

**A.   APPLICABLE LAW**

**1. Amendment to Crack Cocaine Sentencing Guidelines**

On November 1, 2007, the Commission amended the sentencing guidelines for crack cocaine offenses by reducing the base offense level for all crack cocaine offenses in order to address the sentencing disparities between crack and powder cocaine offenses. *United States v. Sipai*, 582 F.3d 994,996 (9th Cir.2009) (citing U.S.S.G. Amendment 706, 711). The sentencing reduction created by the Amendment is applicable only to cases where sentence is pending or is not yet final on appeal. On March 3, 2008, however, the Commission made the amendment to the crack cocaine guidelines retroactively applicable. *Id*. " 'As a general matter, courts may not alter a term of imprisonment once it has been imposed'." *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir.2009) (quoting *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir.2007)). "However, 18 U.S.C. § 3582(c)(2) creates an exception ... by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the ... Commission' and, (2) 'such a reduction is consistent with applicable policy statements issued by the ... Commission'." *Wesson*, 583 F.3d at 730.

**2.  Career Criminal Cases**

The Ninth Circuit has already considered cases where offenders convicted of crack cocaine offenses, and thus subject to the 2D1.1 guidelines, also meet the criteria for sentencing as career criminals

under the 4B1.1 guidelines, and now seek sentence reductions based on the Commission's amendments to the crack cocaine guidelines.  In the *Wesson* case, the Court denied a sentence reduction sought by a crack cocaine offender because the offender had actually been sentenced as a career offender, holding that "a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot be 'based on' a ... range calculated under § 2D1.1 ... the two sentencing schemes are mutually exclusive."  583 F.3d at 728.  Additionally, the decision in the *Sipai* case, also held that offenders convicted of crack cocaine offenses subject to the Amended 2D1.1 guidelines cannot obtain sentence reductions based on the amended crack cocaine guidelines where they have been actually sentenced subject to the career criminal guideline of 4B1.1. 582 F.3d at 996.

If the court determines that the defendant is eligible for career criminal status under § 4B1.1, it must "(1) automatically assign ... a criminal history category of VI, and (2) recalculate the base offense level according to the length of the penalty for the conviction." *United States v. Reyes*, 8 F.3d 1379, 1388 (9th Cir.1993).  However, if the court decides that use of the defendant's criminal history as a predicate for career criminal status will over-represent that history under U.S.S.G 4A1.3, the court may "depart" down from the range applicable to career criminals and sentence the defendant using the range applicable to the underlying offense of conviction.

The approach used is particularly important when dealing with retroactive sentencing reduction issues involving crack cocaine offenses because it will determine the guideline range from which the sentencing

court based the defendant's sentence. In such a case, when a court "varies" down from the career criminal guidelines, it is still basing the defendant's sentence on the range applicable to career criminals, and not that which is applicable to crack cocaine offenses. *Wesson*, 583 F.3d at 730; *Sipai*, 582 F.3d at 995-96.

There is a second approach, however, when a court "departs" from the career criminal guidelines because use of a particular defendant's criminal history to create a career criminal status for that defendant will over-represent that criminal history. In such a case, the defendant is not found to be a career criminal and the court will base the defendant's sentence on the guideline range applicable to the underlying crack cocaine offense, and not that which is applicable to career criminals. *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. Jan.2009).

In a number of cases in other circuits, courts have decided that, inasmuch as sentences in such cases are based upon the crack cocaine guidelines rather than the career criminal guidelines, a sentence reduction based upon the Commission's amendment of the crack cocaine guidelines is appropriate. *McGee* at 229 (citing *United States v. Poindexter*, 550 F. Supp 2d 578, 580-81 (E.D.Pa.2008); *United States v. Ragland*, 568 F.Supp.2d. 19, 20 (D.D.C.2008).

Career offenders have not been successful in seeking reduced sentences when they receive downward departures for providing substantial assistance to the government. *See United States v. Williams*, 551 F.3d 182, 186-87 (2d Cir. 2009) (explaining that defendants who receive downward departures from career offender guidelines are not eligible for resentencing reductions because courts are not allowed to consider

original crack cocaine guidelines when awarding downward departures for career offenders); *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009) (holding career offenders not eligible for reduced sentences when they do not receive downward departures of any kind); *United States v. Forman*, 553 F.3d 585 (7th Cir. 2009) (same); *United States v. Sharkey*, 543 F.3d 1236, 1237 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008)(stating district court provided no indication that defendant's sentence was based on crack cocaine guidelines rather than career offender guidelines).

The sentencing jurisprudence in most circuits does not allow judges to consider the original crack cocaine guidelines when granting such downward departures.[2] Instead, when granting this type of departure, the majority of circuits only allow the judge to consider factors related to the defendant's substantial assistance to the government.[3] This restriction has prevented defendants from being able to show that their sentences were "based on" the crack cocaine guidelines in any way,

---

[2]See *Williams*, 551 F.3d at 186-87 (explaining courts are not allowed to consider original crack cocaine guidelines when granting departures from career offender guidelines).

[3]See *United States v. Doe*, 564 F.3d 305, 315 n.1 (3d Cir. 2009) (Fuentes, J., concurring) (explaining that all other circuits that have addressed issue concluded that maximum extent of substantial assistance departure may be based only on defendant's substantial assistance).

ORDER ~ 7

putting them in the same category as career offenders who receive no downward departure at all.

In the instant case, the sentence was clearly "based on" the applicable career offender Guidelines range and a substantial assistance motion for downward departure. Because Defendant was sentenced as a Career Offender, his guideline range is unaffected by Amendment 706. In other words, the enhanced offense level of 34 for being a Career Offender is not subject to the two level departure authorized by Amendment 706.

### CONCLUSION

For the reasons set forth above, Amendment 706 does not have the effect of lowering Defendant's applicable guideline range. Hence, a reduction of Defendant's sentence is not authorized under § 3582(c)(2). Accordingly, Defendant's Motion For Modification, **ECF No. 109**, is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel and Mr. Lyghts.

**DATED** this   9th   day of March, 2012.


*s/Lonny R. Suko*
_____
                    LONNY R. SUKO
              United States District Judge

ORDER ~ 8